IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

STEPHEN HOWARD,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil Action No. 3:20cv79-MHT
[WO]

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I. BACKGROUND

Stephen Howard is before the court on a *pro se* motion for relief from judgment under Fed.R.Civ.P. 60(b)(6) after this court denied his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. Doc. # 2. By his motion, Howard asks this court to set aside his convictions for three counts of possession with intent to distribute 1, 4-butanediol for human consumption, in violation of 21 U.S.C. §§ 813 & 841(a)(1), and one count of brandishing a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Howard pled guilty to those offenses in 2015, and he was sentenced in January 2016 to 102 months in prison. *See United States v. Howard*, Case No. 3:15cr240-MHT (M.D. Ala.).

Howard took no appeal, but in September 2016, he filed a § 2255 motion claiming that his counsel was ineffective for (1) failing to apprise him of the government's burden of proof on the firearm-brandishing count; (2) failing to present a defense to that count;

and (3) coercing him into pleading guilty to that count. *See* Civil Action No. 3:16cv803-MHT (M.D. Ala.), Doc. # 1. He later amended his § 2255 motion to add a claim that he is actually innocent of the drug-distribution offenses he was convicted of because the Controlled Substance Analogue Enforcement Act ("Analogue Act") is unconstitutionally vague as applied to 1,4-butanediol. *Id*., Doc. # 15.

The Magistrate Judge's Recommendation found that Howard's ineffective-assistance-of-counsel claims lacked merit and that his actual-innocence claim based on the alleged unconstitutionality of the Analogue Act was time-barred under the limitation period in 28 U.S.C. § 2255(f). *See id.*, Doc. # 32. The Recommendation further found that even if Howard's actual-innocence claim was not time-barred, it lacked merit and entitled Howard to no relief. *Id*. The District Court adopted the Magistrate Judge's Recommendation and entered a judgment denying Howard's § 2255 motion on May 20, 2019. *Id.*, Docs. # 37 & 39. Howard did not appeal that judgment.

In this Rule 60(b)(6) motion, which he filed on January 30, 2020, Howard claims he pled guilty based on erroneous advice from his counsel, who, Howard says, advised him to plead guilty to the firearm-brandishing and drug-distribution offenses even though Howard had told counsel that he didn't possess the firearm knowingly and that he didn't know 1, 4-butanediol was a schedule I analogue controlled substance. Doc. # 2. For the reasons that follow, the undersigned finds that Howard's self-styled Rule 60(b)(6) motion constitutes a successive § 2255 motion filed without the required appellate court authorization. Absent that authorization, this court lacks jurisdiction to consider the merits of the successive § 2255 motion.

## II. DISCUSSION

"Federal Rule of Civil Procedure 60 provides a basis, but only a limited basis, for a party to seek relief from a final judgment in a habeas case." *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007). Rule 60, like all Federal Rules of Civil Procedure, applies only to civil actions and proceedings in the United States District Court.[1] *See* Fed.R.Civ.P. 1. Rule 60 provides no vehicle for relief from a judgment in a criminal case. *See United States v. Fair*, 326 F.3d 1317 (11th Cir. 2003); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998).

The United States Supreme Court explained in *Gonzalez v. Crosby*, 545 U.S. 524 (2005), that the Federal Rules of Civil Procedure apply to habeas proceedings to the extent they are "not inconsistent with applicable federal statutory provisions," *id.* at 529 (quoting 28 U.S.C. § 2254 Rule 11) (internal marks omitted), and the Antiterrorism and Effective Death Penalty Act ("AEDPA") does not explicitly limit the operation of Rule 60(b). *Id.* The Act does, nonetheless, foreclose application of that rule where it would contravene the AEDPA's restrictions on successive petitions. *Id*. at 529–30. Although *Gonzalez* addressed this issue in the context of petitions for writ of habeas corpus under 28 U.S.C. § 2254, *see* 545 U.S. at 529 n.3, the Eleventh Circuit has stated that the holding and rationale of *Gonzalez* apply equally to proceedings under 28 U.S.C. § 2255. *United States*

[1] Federal Rule of Civil Procedure 60(b) permits a litigant to move for relief from an otherwise final judgment in a civil case. Rule 60(b) provides, in sum, the following six bases for relief: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason justifying relief from the operation of the judgment. Fed.R.Civ.P. 60(b).

*v. Terrell*, 141 F. App'x 849, 851 (11th Cir. 2005); *see Galatolo v. United States*, 394 F. App'x 670, 672 (11th Cir. 2010). Accordingly, for the sake of clarity and simplicity, where the principles addressed by *Gonzalez* are referred to and discussed herein, this Recommendation uses nomenclature appropriate to motions for relief under § 2255.

"[W]hen faced with what purports to be a Rule 60(b) motion . . . federal courts must determine if it really is such a motion or if it is instead a second or successive application for habeas relief in disguise." *Moreland v. Robinson*, 813 F.3d 315, 322 (6th Cir. 2016) (citing *Gonzalez*, 545 U.S. at 530–31). When a federal inmate brings a motion under Rule 60(b), the district court may construe it as a 28 U.S.C. § 2255 motion and, if applicable, treat it as an unauthorized second or successive motion. *See Galatolo*, 394 F. App'x at 671. If the nominal Rule 60(b) motion is properly construed as a second or successive § 2255 motion, and the petitioner has failed to obtain authorization from the court of appeals, the district court lacks subject matter jurisdiction on the merits of any claims. *Id*.

In *Gonzalez, supra*, 545 U.S. at 531–32, the Supreme Court provided guidance on how claims in a Rule 60(b) motion should be construed where the petitioner has filed a previous § 2255 motion that has been denied. If the Rule 60(b) motion (1) seeks to add a new claim for relief from the underlying judgment of conviction, or (2) attacks the federal court's previous resolution of a § 2255 claim on the merits, then the court should construe the Rule 60(b) motion as a second or successive § 2255 motion attacking the conviction and sentence, and dismiss it accordingly. *Id*. at 532. A "claim," as described by the Court in *Gonzalez*, is "an asserted federal basis for relief from a . . . judgment of conviction." *Id*. at 530. Under *Gonzalez*, no "claim" is asserted when a Rule 60(b) motion attacks neither

the underlying judgment of conviction nor the substance of the federal court's resolution of a claim on the merits, but rather attacks "some defect in the integrity of the federal habeas proceedings." *Id.* at 532–33. A Rule 60(b) motion can properly be used to attack a true "defect in the integrity of the federal habeas proceedings," *id.* at 532, or to "assert[ ] that a previous [habeas] ruling which precluded a merits determination was in error," *id*. at 532 n.4. Such motions can be ruled on by the district court without the pre-certification from the court of appeals ordinarily required for a second or successive § 2255 motion.[2] *Id.* at 538; *see Galatolo*, 394 F. App'x at 672.

In his self-styled Rule 60(b)(6) motion, Howard maintains that he pled guilty based on erroneous advice from his counsel, who he says advised him to plead guilty to the firearm-brandishing and drug-distribution offenses even though he told counsel he didn't possess the firearm knowingly and didn't know 1, 4-butanediol was a schedule I analogue controlled substance. Doc. # 2 at 1–4. With respect to his firearm-brandishing conviction, Howard's instant allegation amounts to a reassertion of his claims in his § 2255 motion that he didn't understand what he was admitting to when pleading guilty to the firearm-brandishing count and that his counsel coerced him into pleading guilty to that count. This

[2] The AEDPA provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. See 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h). A district court lacks the jurisdiction to consider a successive § 2255 motion where the movant has failed to obtain permission from the appellate court to file a successive motion. *See, e.g.*, *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

constitutes an attack on this court's previous resolution of those § 2255 claim on the merits. *See Gonzalez*, 545 U.S. at 532. With respect to his drug-distribution convictions, Howard's instant allegation adds a new claim for relief from the underlying judgment of conviction. *Id*. Because, Howard's self-styled Rule 60(b)(6) motion seeks to relitigate claims decided on the merits in the previous § 2255 proceeding and seeks also to add a new claim attacking his conviction, his motion is a successive § 2255 motion.

The bar on unauthorized successive § 2255 motions is jurisdictional. *See In re Morgan*, 717 F.3d 1186, 1193 (11th Cir. 2013). Because Howard has obtained no certification from the Eleventh Circuit authorizing this court to proceed on a successive § 2255 motion, his successive § 2255 motion should be dismissed for lack of jurisdiction. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Howard's nominal Rule 60(b) motion be DISMISSED for lack of jurisdiction as a successive § 2255 motion filed without the required appellate court authorization.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before February 28, 2020. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered

in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 11th day of February, 2020.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE